Dear Mr. Hall:
Our office received an opinion request from you as the attorney for the St. Tammany Parish Planning Commission (Planning Commission) and the St. Tammany Parish Council (Council) concerning the public hearing requirements under La.R.S. 33:113. Your letter provides that the Planning Commission approved, at a public hearing on January 11, 2005, a set of criteria, submission requirements and procedure for the approval of proposed subdivisions creating five or less lots, where there are no new streets created.[1]
On March 3, 2005, the Council approved this set of criteria, submission requirements and procedure.[2] You have asked our office to provide an opinion as to whether it is consistent with La.R.S. 33:113 for the Director of the Department of Planning to approve the creation of five or less lots, where there are no new streets created, in accordance with the criteria set forth by the Planning Commission and approved by the Council, without holding a public hearing.
La.R.S. 33:113 requires that no plat may be acted on by a planning commission without being afforded a hearing. The statute further provides, however, in pertinent part:
in parishes or municipalities with a population in excess of one hundred fifty thousand, the public hearing may be waived by the planning commission or planning authority for subdivisions creating five or less lots not involving the creation of any new streets, and provided further that the provisions in such waivers shall be clearly set forth in the official subdivision regulations. *Page 2 
According to the U.S. Census Bureau, St. Tammany is a parish with a population in excess of one hundred fifty thousand.[3]
La.R.S. 33:113 suggests that if the population is in excess of one hundred and fifty thousand, the public hearing may be waived for subdivisions creating five or less lots and which do not involve the creation of any new streets, provided that the provisions for waiving such hearings are clearly set forth in the official subdivision regulations. The Council has codified the procedure and necessary requirements, as approved by the Planning Commission, for allowing administrative approval when certain criteria are met, such criteria which include that the subdivision will result in the creation of five or less lots, and the subdivision will not result in any new streets. The language of Section 40-045.0 does not create an automatic waiver of a public hearing, but rather provides that administrative approvalmay be granted when certain criteria are met. Additionally, there is a procedure for aggrieved parties to pursue if their request is denied by the Director of Planning.[4]
You have specifically asked our office to provide an opinion as to whether or not the Director of Planning may approve applications for minor subdivision lots as described in Section 40-045.0 without holding a public hearing. The procedure for doing such has been approved by the Planning Commission and the Parish Council, and this action of approving applications for minor subdivision lots as described in Section 40-045.0 is consistent with the direction and responsibility of the Director of the Department of Planning and Permits, as described by Section 4-08 of the St. Tammany Parish Home Rule Charter.[5]
In conclusion, it is the opinion of this office that the Director of Planning may approve applications for minor subdivision lots which meet the requirements and criteria described in Section 40-045.0 without holding a public hearing. As St. Tammany Parish has a population in excess of one hundred and fifty thousand, such an interpretation is consistent with the language of La.R.S. 33:113. See also La. Atty. Gen. Op. No. 77-948, which recognizes that the public hearing requirement may be waived in parishes or municipalities with a population in excess of one hundred and fifty thousand if the *Page 3 
waiver is clearly set forth in the official subdivision regulations and applies to subdivisions creating five or less lots.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC:EAB
[1] See Section 40-045.0 of Subdivision Regulatory Ordinance 499.
[2] See Ordinance Council Series No. 05-1065, which codified Section 40-045.0 of Subdivision Regulatory Ordinance 499.
[3] The 2008 population estimate of St. Tammany Parish is 228,456.http://quickfacts.census.gov/gfd/states/22/22103.html.
[4] Section 40-045.0, Subsection 3, Subpart 5 provides that "[t]he Director may not grant waivers for any applicable regulations; therefore, if a request is denied by the Director of Planning, or a waiver of an applicable regulation is requested, the applicant may appeal said request to the Planning Commission in accordance with Section 40-100.0 Waiver of Regulations of Ordinance No. 499."
[5] Section 4-08 of the St. Tammany Parish Home Rule Charter provides:
A. The director of the department of planning and permits shall direct and be responsible for:
(1) Regulating land use and building and development of subdivisions within the unincorporated areas of the Parish.
(2) Interpretation of land use controls.
(3) Maintaining and updating the St. Tammany Parish Land Use Map.
(4) Issuing building permits.
(5) Enforcing building codes and zoning ordinances.
(6) Other such activities as may be directed by the president.